IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                   Plaintiff,<br><br>vs.<br><br>Nathaniel James Webb,<br><br>                   Defendant.<br>——————————————<br>Gila River Indian Community<br><br>                   Garnishee. | CR-10-1071-1-PHX-JAT (LOA)<br><br>**REPORT AND RECOMMENDATION** |

On September 13, 2013, the Government filed an Application for Writ of Garnishment directed to the Gila River Indian Community, seeking continuing garnishment of funds belonging to Defendant Nathaniel James Webb ("Defendant"), a judgment-debtor.[1] (Doc. 153) This issue was referred to the undersigned Magistrate Judge on October 22, 2013 to rule on Defendant's Motion for Hearing, doc. 160, in response to the Clerk's Notice of Post-Judgment Garnishment, doc. 155, filed September 16, 2013 and make appropriate findings and orders as deemed appropriate. (Doc. 165)

---

[1] The Government may properly seek a civil garnishment order under a defendant's criminal docket number to enforce a prior judgment of restitution under the Mandatory Victim Restitution Act without filing a separate civil action. *See United States v. Mays*, 430 F.3d 963, 965 (9th Cir. 2005) (citing with approval *United States v. Scarboro*, 352 F.Supp.2d 714, 717 (E.D. Va. 2005)).

## I. Background

The docket reflects that on April 10, 2013, an Amended Criminal Judgment was entered against Defendant in the U.S. District Court, District of Arizona, finding him guilty of Armed Robbery and committing him to "[t]he custody of the Bureau of Prisons for a term of **ONE HUNDRED EIGHT (108) MONTHS** on Count One with credit for time served. (Doc. 151 at 1) The term of imprisonment imposed by this Judgment runs concurrently with Defendant's term of imprisonment in CR 10-1389-001-PHX-JAT. (*Id*.)  Further, the term of imprisonment imposed in this Judgment runs consecutively to Defendant's term of imprisonment in CR 2001-163718, Maricopa County Superior Court. (*Id*.)

As part of the criminal judgment, Defendant was ordered to pay $100.00 in mandatory special assessments and $2,200.00 in restitution to victim William Wetzel, totaling $2,300.00 in criminal monetary penalties, which were due immediately upon sentencing. (*Id*. at 1-2)  The assigned Senior District Judge also directed that payments be made through the Bureau of Prisons' Inmate Financial Responsibility Program with the balance of restitution be paid in equal quarterly installments of $25.00 over a period of 96 months to commence 30 days after Defendant's release from imprisonment. (*Id*. at 2) "Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **THREE (3) YEARS** on Count 1." (*Id*. at 1)  "Restitution shall be paid jointly and severally with the co-defendant Isaac Morgan, in this case, in addition to the defendant, Johnny Lopez, in the related case, CR 11–01835-001-PHX-ROS, until restitution is paid in full." (*Id*. at 2)  The assigned Senior District Judge further ordered that if incarcerated, which Defendant is presently, payment of all criminal monetary penalties are due during imprisonment at a rate of not less than $25.00 per quarter. (*Id*.)   According to the Government, on September 13, 2013, the balance due on the judgment was $2,275.00 through September 6, 2013. (Doc. 153 at 1)

On September 13, 2013, and pursuant to 28 U.S.C. § 3205(b)(1) on the criminal judgment entered against Defendant, the Government filed an Application for Writ of Garnishment directed to the Gila River Indian Community ("Gila River"), Sacaton, Arizona,

1   seeking garnishment of $2,275.00, belonging to Defendant as of September 13, 2013. (*Id.*)

2   "The Garnishee [was] believed to have possession of property in which the debtor

3   [Defendant] has a substantial nonexempt interest, and . . . that Garnishee will continue to

4   have possession of property for which Garnishee is or may become indebted to the debtor."

5   (*Id.*)   On September 16, 2013, the Clerk of Court issued a writ of continuing garnishment,

6   notified Gila River of the writ with instructions that Gila River must answer the writ, sent

7   Defendant notice of the writ's issuance along with instructions for filing objections,

8   requesting a hearing, and requesting a transfer to the district of his residence. (Doc. 155)  On

9   September 18, 2013, the Government filed a Notice of Service, certifying that, on the same

10  date, a copy of the writ, the initial Clerk's Notice to Judgment-Debtor, and instructions were

11  sent to the Judgment-Debtor (Defendant) by certified and first-class mail to the Judgment-

12  Debtor's last known address. (Doc. 156)

13          On October 3, 2013, the Government filed a Motion for Stay of Case Proceedings

14  Contingent Upon Federal Government Shutdown which was granted by the assigned District

15  Judge.  (Doc. 159)  On October 22, 2013, an order was entered, lifting the stay of the case

16  after the Government filed a Notice of Resumed Government Activity.  (Doc. 164)

17          In his October 8, 2013 request for hearing, Defendant claims an exemption under 26

18  U.S.C. § 6334(a)(6) because the "Property in question are benefits paid by the profits earned

19  from his tribe." (Doc. 160 at 1) Additionally, he contends that the restitution and special

20  assessment ($2,300.00) he was ordered to pay to the victim jointly and severally with the

21  co-defendant Isaac Morgan, in this case and defendant, Johnny Lopez, in the related case,

22  CR 11–01835-001-PHX-ROS,

23          was  satisfied  while  the  Defendant  was  in  the  custody  of  the  Arizona
            Department of Corrections. (See Trust Account Records for Nathaniel J. Webb
24          AZDOC. No. 269559. These records could not be obtained in time to be
            attached to this pleading.) Therefore, nothing is owed, and garnishment is not
25          necessary.

26  (*Id.*)

27          In response to Defendant's claim the federal restitution amount had been paid, and

28

pursuant to an order by this Magistrate Judge for current information, the Government filed a Notice of Investigation, which confirmed the following: Defendant Nathaniel James Webb, still owes $2,275.00; Defendant Johnny Lopez (CR 11-1835-PHX-ROS) had paid nothing toward the $2,200.00 joint and several restitution obligation; Isaac Morgan, the co-defendant in this case, had also paid nothing toward the $2,200.00 joint and several restitution; Defendant has paid $25.00 of his special assessment, and, therefore, owes the total of $2,275.00 ($75.00 for the mandatory special assessment and $2,200.00 for restitution). (Doc. 168)  In that same Order, Defendant was ordered to "[f]ile a reply to the United States' Response to Request for Hearing on or before Friday, November 22, 2013, attaching thereto copies of all documents that confirm and prove Defendant's restitution and special assessment ($2,300.00) has been paid and satisfied." (*Id.*)  Defendant was warned that, if he failed to comply with the October 23, 2013 Order, and "[a]bsent a showing good cause, Defendant's request for a hearing may be denied and the United States' Application for Writ of Garnishment may be granted." (Doc. 166 at 3) Since this order was entered, Defendant has failed to either comply with it or file any further document in this case.

On November 22, 2013, the Garnishee, Gila River Indian Community, filed an answer, indicating it held property (*per capita* funds) in which Defendant has an interest in the form of "Quarterly Per Capita Payments pursuant to the Gila River Indian Community Revenue Allocation Ordinance, GRIC Code, Title 22, Chapter 13." (Doc. 171, ¶ 5 at 2) (emphasis omitted). Gila River described the value of the property as a small percentage of net gaming revenues as required under the Indian Gaming Regulatory Act, 25 U.S.C. § 2701. The exact amount of each payment is unknown at this time. (*Id.*, ¶ 4) Gila River "anticipates being indebted to [Defendant] as follows: January 31, April 30, July 31, and October 31 of every year [Defendant] opts into the Per Capita payment program." (*Id.*, ¶ 5 at 2)

## II. The Mandatory Victim Restitution Act

Under the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663(a), the federal government may collect a restitution judgment using the procedures available for the collection of criminal fines outlined in 18 U.S.C. § 3613(a), *see* 18 U.S.C. §§ 3613(f),

3664(m), and "may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law[.]" *United States v. Berger*, 574 F.3d 1202, 1204 (9th Cir. 2009) (quoting 18 U.S.C. § 3613(a)). "The Federal Debt Collection Procedures Act of 1990 ('FDCPA') is such a statute." *United States v. Gianelli*, 543 F.3d 1178, (9th Cir. 2008), *cert. denied*, 555 U.S. 1175 (2009). The FDCPA, 28 U.S.C. §§ 3001-3308, "provides the exclusive civil procedures for the United States to . . . recover a judgment on a debt." 28 U.S.C. § 3001; *see also United States v. Mays*, 430 F.3d 963, 965 (9th Cir. 2005).  The word "[d]ebt" within the meaning of the FDCPA includes "[a]n amount that is owing to the United States on account of . . . restitution . . . ." 28 U.S.C. § 3002(3)(B); *Mays*, 430 F.3d at 965 (concluding that the FDCPA's civil enforcement remedies may be used to enforce orders of restitution entered under the MVRA). The FDCPA further provides that it "[s]hall preempt State law to the extent such law is inconsistent." 28 U.S.C. § 3003(d).

When the United States seeks to collect a judgment by garnishment, the procedures are provided by 28 U.S.C. § 3205. Under the FDCPA, the United States and clerk of court are required to provide a judgment-debtor, here the Defendant, with notice of the commencement of a post-judgment garnishment proceeding as provided for by 28 U.S.C. § 3202(b). The judgment-debtor then had twenty days following receipt of the notice to request a hearing. *Id.* Once the writ has been served, the defendant-debtor may claim exemptions, but there is no specific statutory method for objecting to the writ itself. 28 U.S.C. § 3205(c)(1) ("If the court determines that the requirements of this section are satisfied, the court shall issue an appropriate writ of garnishment."); 28 U.S.C. § 3205(c)(3)(B) ("The United States shall serve the . . . judgment debtor with a copy of the writ of garnishment[.] The writ shall be accompanied by . . . instructions to the judgment debtor for objecting to the answer of the garnishee and for obtaining a hearing on the objections."). Within 20 days after receipt of a garnishee's answer, the judgment-debtor "[m]ay file a written objection to the answer and request a hearing. The party objecting shall state the grounds for the objection and bear the burden of proving such grounds." 28 U.S.C.

§ 3205(c)(5). *See United States v. Pugh*, 75 Fed.App'x 546, 547 (8th Cir. 2003) (a hearing concerning the enforcement of a judgment by the United States is limited to circumstances where the debtor has claimed a probable validity of an exemption, challenged compliance with statutory requirements, or the judgment has been obtained by default).

If a garnishment hearing is held, the issues that may be properly considered at the hearing are limited as a matter of law. Section 3202(d) provides, in relevant part:

> [T]he issues at such hearing shall be limited--
>
> (1) to *the probable validity* of any claim of exemption by the judgment debtor;
>
> (2) to compliance with any statutory requirement for the issuance of the post-judgment remedy granted; and
>
> (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to-
>
> > (A) the probable validity of the claim for the debt which is merged in the judgment; and
> >
> > (B) the existence of good cause for setting aside such judgment.
> >
> > This subparagraph shall not be construed to afford the judgment debtor the right to more than one such hearing except to the extent that the Constitution or another law of the United States provides a right to more than one such hearing.

28 U.S.C. § 3202(d) (emphasis added); *see also United States v. Tanya Marie Smith*, 88 Fed.Appx. 981, at *1 (8th Cir. 2004) (noting that issues at a garnishment hearing are "limited to determining validity of any claim of exemption, government's compliance with statutory requirements and validity of default judgment."). "A defendant ordered to make restitution is not entitled to credit if he fails to offer proper proof of his repayments." *United States v. Bush*, 252 F.3d 959, 962-63 (8th Cir. 2001) (citing *United States v. Bartsh*, 985 F.2d 930, 933 (8th Cir.1993), *cert. denied*, 510 U.S. 1170 (1994); *United States v. Baker*, 200 F.3d 558, 561 (8th Cir. 2000)).

## III. Discussion

In this case, the order of restitution was not the result of a default; but rather, was one that had been reduced to a criminal judgment with representation by counsel and due process

of law. Thus, the scope of any restitution garnishment hearing is limited to the probable validity of an exemption and the Government's compliance with the statutory requirements for the garnishment process. *Id.* at (1) & (2); *United States v. Kieffer*, 2010 WL 2231806, at *3 (D.N.D., April 28, 2010), report and recommendation adopted by, *United States v. Kieffer*, 2010 WL 2231804 (D.N.D., May 28, 2010).

The Government opposes Defendant's request for a hearing, informing the Court that the Clerk of Court's records indicate that the federal restitution has not been paid, speculating Defendant may be confused as to a $45.00 payment he made to the State of Arizona for State restitution, and providing computer-generated records to confirm the non-payment of restitution. (Doc. 162 at 2) The Government notes the existence of a periodic payment provision in a restitution order does not prohibit the federal government from seeking a writ of garnishment for more than what the payment provision requires. *See, e.g., United States v. Ekong*, 518 F.3d 285, 286 (5th Cir. 2007) (the Government may pursue immediate enforcement of restitution judgment despite provision in judgment specifying installment payments); *United States v. Miller*, 588 F.Supp.2d 789, 796 (W.D. Mich. 2008) (periodic payment provision does not prohibit garnishment, and the Government may seek writ that requires payments exceeding those ordered by the court); *United States v. James*, 312 F.Supp.2d 802, 806-807 (E.D. Va. 2004) ("Court-imposed payment schedules are merely one means available to enforce a restitution judgment.").

Title 26 U.S.C. § 6334 enumerates certain property is exempt from levy. Defendant cites 26 U.S.C. § 6334(a)(6), without reference to any other authority, that Indian gaming money distributed by an Indian tribe, like Gila River, to its tribal members is exempt from garnishment to pay for criminal restitution under the MVRA. Section 6334(a)(6) provides as follows:

> **Certain annuity and pension payments.**--Annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C. 1562), and annuities based on retired or retainer pay under chapter 73 of title 10 of the United States Code.

1    Defendant's claim of exemption is wholly without merit. First, the plain terms of 26

2    U.S.C. § 6334(a)(6) apply only to certain annuity or pension payments, which would not

3    include Indian gaming proceeds distributed to tribal members. The Court has reviewed the

4    other exemptions and there is no exemption for Indian gaming distributions. Moreover, 26

5    U.S.C. § 6334(c) makes clear that "no property or rights to property shall be exempt from

6    levy other than the property specifically made exempt by subsection (a)."

7    Lastly, while this appears to be a novel argument in the Ninth Circuit, other district

8    courts, mostly in North Carolina, have considered and rejected the argument that Indian

9    gaming distributions are exempt from garnishment under the MVRA and claims for

10    unfounded exemptions do not warrant a hearing. *See, e.g., United States v. Otter*, 2011 WL

11    148266 (W.D.N.C. Jan. 18, 2011); *United States v. Bird*, 2009 WL 4801374 (W.D.N.C. Dec.

12    8, 2009) (explaining that *per capita* distribution of Indian gaming proceeds are not exempt

13    from garnishment because when Congress enacted the FDCPA, it defined a "garnishee" as

14    any person who has custody of any property in which the debtor has a nonexempt interest;

15    and, defined "person" as including an Indian tribe. 28 U.S.C. §§ 3002(7) & (10)); *United

16    States v. Littlejohn*, 2007 WL 4079086 (W.D.N.C. Nov. 15, 2007) (finding an exemption for

17    a judicial order of child support has priority over a writ of garnishment pursuant to 28 U.S.C.

18    § 3205(c)(8), which the Government conceded); *United States v. Taylor*, 2007 WL 87746

19    (W.D.N.C. Jan 9, 2007); *United States v. Weddell*, 12 F.Supp.2d 999, 1000 (D.S.D. 1998),

20    aff'd, 187 F.3d 645 (8th Cir. 1999).

21    In neither his October 8, 2013 request for a hearing nor at anytime thereafter has

22    Defendant shown the "probable validity" of an exemption or provided any evidence that

23    some payment of the restitution has been made. *See* 28 U.S.C. § 3202(d) ("The issues at such

24    hearing shall be limited [ ] to the probable validity of any claim of exemption by the

25    judgment debtor [and] to compliance with any statutory requirement for the issuance of the

26    [writ]."). In the ensuing months since Defendant requested a hearing, Defendant has not filed

27    a single document to corroborate his unsubstantiated claim that the "restitution was satisfied

28    while the Defendant was in the custody of the Arizona Department of Corrections." (Doc.

160) Conversely, the Government has provided unrefuted evidence that the restitution ordered in the Amended Criminal Judgment has not been paid. The Court made it clear in its October 23, 2013 Order that, unless Defendant filed a reply to the United States' Response to Request for Hearing, attaching thereto copies of documents that confirm and prove Defendant's restitution and special assessment have been paid, "[D]efendant's request for a hearing may be denied and the United States' Application for Writ of Garnishment may be granted." (Doc. 166 at 3)

The Court finds that the Government has complied with the FDCPA regarding its application for writ of garnishment. Defendant received notice of the writ of garnishment; the Government's Application for Writ of Garnishment directed to the Gila River Indian Community, seeking continuing garnishment of funds belonging to Defendant, a judgment-debtor; and a copy of Garnishee's answer. The Court further finds that Defendant received actual notice and prior court orders that were reasonably calculated under the circumstances to apprise Defendant of the pendency of this garnishment proceeding, the affirmative action he needed to take, and the limited issues for a hearing to be scheduled. *See Memphis Light, Gas & Water Division v. Craft*, 436 U.S. 1 (1978); *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 314 (1950). Defendant has not filed an objection to the application for writ of garnishment or the Garnishee's answer and has not made a colorable showing that some or all the restitution has been paid by Defendant or the two other defendants responsible for the restitution on a joint and several liability basis.

The undersigned Magistrate Judge recommends that the Government's Application for Writ of Garnishment directed to the Gila River Indian Community be granted and that a continuing garnishment judgment or order be signed and entered herein by the assigned District Judge, granting the continuing garnishment of Defendant's interest in the quarterly per capita payments from the Gila River Indian Community pursuant to Gila River's Revenue Allocation Ordinance, GRIC Code, Title 22, Chapter 13.

In accordance with the foregoing,

**IT IS RECOMMENDED** that the Government's Application for Writ of

Garnishment directed to the Gila River Indian Community, seeking continuing garnishment of Defendant's interest in the quarterly per capita payments from the Gila River Indian Community Revenue Allocation Ordinance, GRIC Code, Title 22, Chapter 13, doc. 153, be **GRANTED.**

**IT IS FURTHER RECOMMENDED** that the Honorable James A. Teilborg, Senior United States District Judge, issue a disposition order pursuant to 28 U.S.C. § 3205(c)(7), directing the Gila River Indian Community to turn over to the Clerk of this Court the funds identified in the Garnishee's answer as it becomes due and payable to Defendant. The Government shall lodge a proposed continuing garnishment order or judgment, consistent with this Report and Recommendation, within ten days hereof.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have **(14) fourteen days** from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6, Federal Rules of Civil Procedure. Thereafter, the parties have **(14) fourteen days** within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered

/ / /

/ / /

/ / /

pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

IT IS ORDERED that Defendant's Request for Hearing, doc. 160, is **DENIED**.

IT IS FURTHER ORDERED that the Clerk of Court is kindly directed to mail a copy of this Report and Recommendation to Defendant.

Dated this 15th day of May, 2014.

Lawrence O. Anderson
United States Magistrate Judge