WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-10-01071-001-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Nathaniel James Webb, et al., | |
| Defendants. | |

Pending before the Court is the Defendant's Motion for Termination of Garnishment. The Court now rules on the motion.

**I.     BACKGROUND**

On April 10, 2013, the Court entered an Amended Judgment ("Judgment") against Defendant. (Doc. 151). The Judgment ordered Defendant to immediately pay $2,200 in restitution jointly and severally with two other liable parties, and a special assessment of $100. (*Id.* at 2). Based on Defendant's ability to pay, the Court imposed a payment schedule consisting of quarterly payments of $25.00 over a period of 96 months commencing 30 days after Defendant's release from prison. (*Id.*). While Defendant is incarcerated, the Court imposed a payment schedule through the Prisons' Inmate Financial Responsibility Program, through which Defendant would make quarterly payments of at least $25.00. (*Id.*). As of June 9, 2014, Defendant remains liable for $2,225.00 under the Judgment. (Doc. 179 at 2).

Defendant is a member of the Gila River Indian Community, and as such, he receives quarterly payments from the Gila River Indian Community's net gaming

revenues. (Doc. 171 at 1–2). The United States filed an Application for Writ of Garnishment pursuant to 28 U.S.C. § 3205(c) on September 13, 2013 to direct these payments received from the Gila River Indian Community to Plaintiff. (Doc. 153 at 1). Defendant requested a hearing and presented arguments opposing the Writ of Garnishment. (Doc. 160 at 1). The Court rejected Defendant's arguments and denied his hearing request in the Garnishment Disposition Order on May 22, 2014. (Doc. 177).

Defendant filed the instant Motion for Termination of Garnishment on June 6, 2014 arguing: (1) that the Judgment has priority over the Garnishment Disposition Order pursuant to 28 U.S.C. § 3205(c)(8), and therefore, payment on the restitution balance should not begin until after his release from prison; and (2) that he should only have to pay one-third of the restitution because there are two additional liable parties. (Doc. 178 at 3).

## II. GARNISHMENT

### A. Legal Standard

The Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §§ 3663–64 (2012), gives the United States the power to enforce restitution orders in the same manner that it recovers fines or "by all other available and reasonable means." 18 U.S.C. § 3664(m)(1)(A)(ii). The United States may enforce a restitution judgment or fine "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613 (2012). Accordingly, enforcement may include writs of garnishment as outlined in Section 3205 of the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. §§ 3001–08 (2012). *United States v. Mays*, 430 F.3d 963, 965–66 (9th Cir. 2005).

Despite the existence of a payment schedule for restitution in a judgment, the United States may pursue immediate or adjusted enforcement of restitution as long as the judgment contains nothing to the contrary. *United States v. Ekong*, 518 F.3d 285, 286 (5th Cir. 2007); *United States v. Clayton*, 646 F. Supp. 2d 827, 836 (5th Cir. 2009); *see United States v. Pedro*, No. CR-06-0513-PHX-ROS, 2011 WL 2262226, at *1, *4 (D. Ariz. May 16, 2011) (recommending that the Government's Application for Writ of

Garnishment be granted despite the existence of a restitution payment plan for the defendant). Additionally, 18 U.S.C. § 3664(n) provides:

> If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

Regarding the priority of orders relative to writs of garnishment:

> Judicial orders and garnishments for the support of a person shall have priority over a writ of garnishment issued under this section. As to any other writ of garnishment or levy, a garnishment issued under this section shall have priority over writs which are issued later in time.

28 U.S.C. § 3205(c)(8).

### B. Analysis

Defendant's motion seeks to terminate the garnishment order that orders the Gila River Indian Community to direct funds to Plaintiff that were originally owed to Defendant. (Doc. 178 at 5). To support his claim, Defendant asserts that the Judgment, and the payment plan contained therein, should receive priority over the garnishment order according to 28 U.S.C. § 3205(c)(8). However, Defendant has not provided a judicial order or garnishment for the support of another person, to which § 3205(c)(8) would apply. Therefore, 28 U.S.C. § 3205(c)(8) is inapplicable in this instance.

Furthermore, the United States has the right to pursue the immediate enforcement of a garnishment order despite the existence of a payment schedule in a judgment. *Ekong*, 518 F.3d at 286. In this case, though there is an installment payment plan in the Judgment, no language in the Judgment precludes adjusting or expediting the restitution payment. In fact, the Judgment explicitly states that the amount owed by Defendant is due immediately. (Doc. 151 at 2).

Additionally, as provided in 18 U.S.C. § 3664(n), if an incarcerated person who is obligated to pay restitution, receives substantial resources from any source, that person must apply the value of the resources to the restitution owed. Defendant meets these criteria because he is incarcerated, obligated to pay restitution, and receiving substantial

resources from the Gila River Indian Community. Therefore, the Court finds that the Garnishment Disposition Order entered on May 22, 2014 (Doc. 177) shall remain in force. Accordingly, the resources owed to Defendant by the Gila River Indian Community shall be applied to the restitution owed to Plaintiff.

### III. AMOUNT OF RESTITUTION

#### A. Legal Standard

Pursuant to 18 U.S.C. § 3664(h), courts may find multiple defendants jointly and severally liable for a restitution amount:

> If the court finds that more than [one] defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.

#### B. Analysis

Defendant's motion seeks to divide the restitution amount between Defendant and the two other liable parties. (Doc. 178 at 3). Accordingly, instead of being liable for the entire $2,200.00, Defendant argues that he should only be liable for one-third of that amount, which is $733.33. (*Id.*). However, the Court ordered that "restitution shall be paid jointly and severally" (Doc. 151 at 2), which is within the Court's authority under 18 U.S.C. § 3664(h).

When two or more persons are joint and severally liable to an injured person, such as Plaintiff, the injured person may "recover the full amount of the recoverable damages from *any* jointly and severally liable person." RESTATEMENT (THIRD) OF TORTS: APPORTIONMENT LIAB. § 10 (2000) (emphasis added). Accordingly, because Defendant is jointly and severally liable, Defendant is liable for the entire $2,200 of restitution owed to Plaintiff despite the fact that there are other liable parties. Once the full amount of restitution is paid to Plaintiff, the liable parties may then seek reimbursement from one another to correctly apportion the payment amounts between themselves. For example, if Defendant pays $2,200 in restitution, which is the full amount owed to Plaintiff, he may then seek reimbursement from the other two liable parties so that they each pay their

respective portions of the restitution.

Accordingly, the Court finds that each defendant is, in fact, liable for the entire amount of restitution due to the Plaintiff until the restitution is paid in full.

**IV.  CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion for Termination of Garnishment (Doc. 178) is DENIED.

Dated this 4th day of September, 2014.

_____
James A. Teilborg
Senior United States District Judge